**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

INTERQUIM, S.A.,

    Plaintiff/Counter-Defendant,

v.                                           Case No. 21-10665

BERG IMPORTS, LLC,

    Defendant/Counter-Plaintiff/
    Third-Party Plaintiff,

v.

GRUPO FERRER
INTERNACIONAL, S.A.,

    Third-Party Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT BERG IMPORTS, LLC'S MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

Plaintiff Interquim, S.A. brings this action against Defendant Berg Imports, LLC for breach of contract, common law conversion, and statutory conversion under Michigan law. (ECF No. 1, PageID.6-9.) According to Interquim, Berg breached an oral distribution agreement under which Berg acted as the United States distributor of a particular product. (*Id*., PageID.1-2.) Berg filed a counterclaim against Interquim for breach of contract (ECF No. 13, PageID.66-78) and a third-party complaint against Interquim's parent company, Grupo Ferrer Internacional, S.A., for tortious interference with contract and civil conspiracy. (ECF No. 14, PageID.94-96.)

Interquim and Grupo Ferrer moved for dismissal of Berg's counterclaims. (ECF Nos. 19-20.) On March 14, 2022, the court issued an opinion and order granting

Interquim's Motion to Dismiss and granting Grupo Ferrer Internacional's Motion to Dismiss. (ECF No. 31.)

Now before the court is Berg's Motion for Reconsideration of the court's March 14 order. (ECF No. 34.) In the alternative, Berg moves for certification of an interlocutory appeal under 28 U.S.C. § 1292(b). After a review of the parties' briefing, a hearing would be unnecessary. E.D. Mich. LR 7.1(f)(1)-(2). For the reasons stated below, motion will be denied.

### A. Motion for Reconsideration

Under Eastern District of Michigan Local Rule 7.1(h)(2), a party may move for reconsideration of a non-final order, although they are "disfavored" and may be brought only upon specific grounds. Berg advances its motion under Rule 7.1(h)(2). The applicable portion of the rule in this case is Rule 7.1(h)(2)(a). This section requires a three-part showing that: "[t]he court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision." *See Burn Hookah Bar, Inc. v. City of Southfield*, No. 2:19-CV-11413, 2022 WL 730634, at *1 (E.D. Mich. Mar. 10, 2022) (Murphy, J.). Motions for reconsideration "should not be used liberally to get a second bite at the apple." *United States v. Lamar*, No. 19-CR-20515, 2022 WL 327711, at *1 (E.D. Mich. Feb. 3, 2022) (Goldsmith, J.) (quoting *Oswald v. BAE Indus., Inc.*, No. 10-12660, 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010)). They are "not an opportunity to re-argue a case" or "'raise [new] arguments which could, and should, have been made' earlier." See *Burn Hookah Bar*, 2022 WL 730634, at *1 (alteration in

2

original) (quoting *Bills v. Klee*, No. 15-cv-11414, 2022 WL 447060, at *1 (E.D. Mich. Feb. 14, 2022)).

Much of the March 14 opinion focused on "whether Michigan courts entertain actions for breaches of the implied covenant of good faith and fair dealing under the present circumstances, and if they do, whether Interquim's actions constituted a breach of the covenant." (ECF No. 31, PageID.365.) The court held that no breach of contract occurred and accordingly it dismissed Berg's counterclaim against Interquim.

Although Berg purports to bring its motion based on some alleged "mistake" under Rule 7.1(h)(2)(A), Berg advances largely the same arguments that the court previously considered and rejected or otherwise fails to show that any mistake would change the outcome. Berg makes several arguments in support of its motion, including that the March 14 order was mistaken in its analysis of the applicability of the implied covenant of good faith and fair dealing; the court misapplied and misinterpreted several cases including *Erickson's Flooring & Supply Co. v. Tembec, Inc.*, 212 F. App'x 558 (6th Cir. 2007); and Berg was denied the benefit of its bargain beyond termination without cause or notice.[1]

---

[1] The court disagrees with Berg that it lacked a fair opportunity to address Interquim's argument on the implied covenant and its interpretation of *Erickson's Flooring*. (ECF No. 34, PageID.390.) The court's opinion was rooted in basic contract principles that were addressed either in Interquim's motion to dismiss (ECF No. 19) or Berg's response, including the fact that the contract was terminable at will *by either party* at any time (ECF No. 23, PageID.275), that the implied covenant requires a "dependent party" in the performance of a particular duty (*Id.*, PageID.270-71), and that *Erickson's Flooring* was a controlling authority and foreclosed Berg's claims. (*Id.*, PageID.258, 276-77.) The court read and analyzed the cases cited by the parties—to the extent Interquim's reply brief merely buttressed or rebutted some issues already presented in the motion and response, it did not have a material effect on the March 14 order.

3

First, Berg argues that the court incorrectly found that the implied covenant of good faith and fair dealing lacked applicability under the circumstances before the court. But Berg fails to point to an actual "mistake"; rather, it appears Berg simply disagrees with the court's interpretation of the authority relied upon in its opinion. *See United States v. Williamson*, No. 11-CR-20564, 2022 WL 1592715, at *2 (E.D. Mich. May 19, 2022) (Goldsmith, J.) ("The Court has not made a mistake; Williamson simply disagrees with the result."). Berg rejects the case law cited by the court because some of them involve the use of written contracts, whereas this matter involved a purely oral contract. Whether written or oral, the relevant contractual principles underlying the parties' agreement remain unchanged, and Berg has presented neither case law nor a compelling justification for distinguishing between the two forms. As the court made clear, both parties had the ability to terminate the contract at any time.

The cases cited by Berg "revolve around ensuring that a party's sole discretion in performing a specific duty under a contract is done so in good faith." (ECF No. 31, PageID.367.) In this regard, in all of the cases Berg cited, as the court has explained, "there is a 'dependent party' whose ability to reap the fruits of the contract is contingent on the independent party's good faith efforts in performance of a particular duty. Here, by contrast, the parties' contract *provides only that Interquim would provide Berg with Xerenoos to sell in the United States in exchange for 5% commission*." (ECF No. 31, PageID.368 (emphasis added).) Still—as noted in the March 14 opinion—Berg has not cited a case standing for the proposition that the implied covenant applies where both parties have an equal right to terminate a contract at will, particularly where, as here, termination has no effect on the heart of the agreement. (ECF No. 31, PageID.367.)

4

Second, even if the court made a mistake as to the applicability of the implied covenant in this case, Berg has still not met its burden of showing that this mistake would change the outcome. The court's previous order also dismissed Berg's breach of contract because, assuming the implied covenant applied, Berg still failed to state a claim. Berg once again relies on its own interpretation of *Erickson's Flooring* to support the proposition that it has stated a claim for the breach of the implied covenant. But the court already considered *Erickson's Flooring* specifically and explained, "the Sixth Circuit's holding stands for the proposition that, *even if* the implied covenant applied, it 'does not require termination only for cause, or termination only with advance notice.'"[2] (*See* ECF No. 31, PageID.12.) Motions for reconsideration are not an opportunity to re-argue a case. *Burn Hookah Bar*, 2022 WL 730634, at *1.

Furthermore, as it pertains to a breach of the implied covenant, Berg rehashes its argument that "it was denied the benefit of its bargain . . . because the termination occurred after just a couple of years . . . and offered no opportunity for Berg to continue as a non-exclusive distributor." (ECF No. 34, PageID.388.) This argument was specifically addressed and rejected by the court:

> Notably, Berg has not alleged that Interquim is withholding any commission payments that Berg is actually owed. Thus, under the terms of their agreement, Berg is not being denied "the fruits and benefits of the contract" as it contends. (ECF No. 13, PageID.76.) Indeed, Berg's assertion is belied by its statement in the Third-Party Complaint that "in 2019 Berg began realizing meaningful profits derived from its commission earnings." (*Id.* PageID.72.) Had the parties contemplated that the contract would continue for a *particular duration*, or perhaps if the agreement had been terminated during the defined Startup Period, Berg's position that it has been denied the benefits of the contract would

---

[2] Considering the context of their agreement—such as the lack of specific duration terms and the at-will nature of their agreement—Berg's argument that Interquim terminated the contract too early is effectively the same as arguing that it required either cause or advance notice, and *Erickson's Flooring* forecloses Berg's argument.

5

> potentially be cognizable; however, the parties agreed to pay Berg only on a commission basis for its sales and for an indefinite amount of time.

(ECF No. 31, PageID.368.) Although Berg accuses Interquim of "pulling the plug" too early, Interquim did not terminate the contract during the years the parties expected Berg to build the Xerenoos market (2014-2016). Indeed, despite Berg's allegations that it was supposed to "develop the U.S. market" and have an "opportunity to realize on its investment" (ECF No. 13, PageID.69), its *own countercomplaint* demonstrates that it "succeeded in building a U.S. market" and reaped the benefits between 2017 and 2019. (*Id.*, PageID.71.) Moreover, there was no allegation in its counterclaims that, under the parties' contract, Berg was entitled to have an opportunity to continue as a non-exclusive distributor for a certain number of years. *See Gay v. Fannie Mae*, No. 315868, 2014 WL 4215093, at *2 (Mich. Ct. App. Aug. 26, 2014) (citing *In re Leix Estate*, 797 N.W.2d 673, 683 (Mich. Ct. App. 2010)) (noting that to successfully demonstrate a breach of the implied covenant, "a litigant must show that a party breached the underlying contract itself"). Thus, according to Berg's own allegations, no breach of contract occurred. Although Berg contends that the court made a "mistake" in this regard, its arguments largely reflect mere disagreement with its holding. As fully expressed in its previous opinion, the court disagrees with Berg that it has stated a claim for breach of contract through the breach of the implied covenant of good faith and fair dealing.

## B. Interlocutory Appeal

As an alternative to its Motion for Reconsideration, Berg moves for certification of an interlocutory appeal under 28 U.S.C. §1292(b). (ECF No. 34.) This is, once again,

based on Berg's argument that the court incorrectly found that it failed to state a claim for breach of contract via the implied covenant of good faith and fair dealing.

Title 28 U.S.C. § 1292(b) allows the court to certify an order for appeal when it involves "controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." "To obtain permission to appeal pursuant to § 1292(b), the petitioner must show that: (1) the question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the district court's decision; and (4) an immediate appeal would materially advance the ultimate termination of the litigation." *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993). The relief is extraordinary and cuts against a basic rule that an appeal may be had only after the court "disassociates itself from a case," i.e., issues a final judgment. *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (quoting *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 42 (1995) ("Permitting piecemeal, prejudgment appeals, we have recognized, undermines efficient judicial administration' and encroaches upon the prerogatives of district court judges, who play a special role in managing ongoing litigation."). "Review under § 1292(b) [is] sparingly granted and then only in exceptional cases." *Vitols*, 984 F.2d at 170; *accord In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).

The court rejects the notion that "there is substantial ground for difference of opinion respecting the correctness of the district court's decision." 28 U.S.C. §1292(b)(3). Substantial ground for difference of opinion exists when: (1) the question is difficult, novel and either a question on which there is little precedent or one whose

7

correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question. *City of Dearborn v. Comcast of Mich. III, Inc.*, No. 08-10156, 2008 U.S. Dist. LEXIS 107527, at *7 (E.D. Mich. Nov. 24, 2008) (quoting *Eagan v. CSX Transp., Inc.*, 294 F. Supp. 2d 911, 916 (E.D. Mich. 2003) (citations omitted)). Despite Berg's contentions, its issue is neither difficult nor necessarily one of first impression, as evinced by the cited cases in the court's March 14 order; the claims revolve around general contract principles. (ECF No. 31.) Additionally, "[s]imply because a court decides a novel issue or a question of first impression does not mean there is substantial ground for difference of opinion concerning the correctness of the ruling." *See City of Dearborn*, 2008 U.S. Dist. LEXIS 107527, at *7 (citing *United States v. Atlas Lederer Co.*, 174 F.Supp.2d 666, 669 (S.D. Ohio 2001)). "There must be serious doubt as to how an issue should be decided in order for there to be a substantial ground for the difference of opinion." *Baden-Winterwood v. Life Time Fitness*, No. 2:06CV99, 2007 WL 2326877, at *2 (S.D. Ohio Aug. 10, 2007) (citing *Kraus v. Bd. of Cty. Road Com'rs for Kent Cty.*, 364 F.2d 919, 921 (6th Cir.1966)). This case does not present "serious doubts" as to the implied covenant of good faith and fair dealing. Nor is there either a difference of opinion existing within the controlling circuit or a circuit split on the question.

   Further, the court concludes that an immediate appeal would not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b)(4). Even in Berg's best-case scenario, where the Sixth Circuit agrees with its position on all issues on interlocutory appeal, the case must still proceed, a trial still must be held, and a trier

8

of fact could potentially rule in favor of Interquim. This is not a case where "litigation would end" if the appeal is successful, *In re Trump*, 874 F.3d 948, 952 (6th Cir. 2017). Instead, "litigation will be conducted in substantially the same manner regardless of [the Sixth Circuit's] decision." *In re City of Memphis*, 293 F.3d at 351.

In summary, Berg used its motion for reconsideration as an attempt to relitigate issues and arguments that the court has previously considered. It has failed to point to a mistake in the court's opinion that affects the outcome of the prior decision. Rather, it is clear that Berg merely disagrees with the court's holding. The issues raised in Berg's motion for reconsideration do not warrant relief. To the extent that Berg requests the court, in the alternative, to certify its order for an interlocutory appeal under 28 U.S.C. § 1292, the court will also deny its motion. This is not an exceptional case warranting an immediate appeal. *Vitols*, 984 F.2d at 170. Accordingly,

IT IS ORDERED that Berg's "Motion for Rehearing, or Reconsideration or, in the Alternative, to Certify An Order for Interlocutory Appeal" (ECF No. 34) is DENIED.

                                              s/Robert H. Cleland              /
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated: June 21, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 21, 2022, by electronic and/or ordinary mail.

                                              s/Lisa Wagner                 /
                                              Case Manager and Deputy Clerk
                                              (810) 292-6522